IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 20-254 |
| ZHENYU WANG, : | |
|    a/k/a "Bill Wang" | |
| DANIEL RAY LANE : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
DEFENSE EXPERT TESTIMONY REGARDING RUSSIAN OIL**

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney, and Patrick J. Murray and Mary E. Crawley, Assistant U.S. Attorneys, hereby moves *in limine* to exclude the proffered defense expert testimony concerning the sanctions prohibiting or permitting trading in Russian oil.

Defendants have provided untimely notice under Rule 16 of their intent to call an expert witness, attorney Perry S. Bechky. Docket nos. 445 and 447. The Court should exclude this testimony because it will not assist the trier of fact in determining any issue presented at trial.

I.    **Legal Standard**

As the Supreme Court explained in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the admissibility of proposed expert witness testimony is primarily governed by Federal Rule of Evidence 702. Rule 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify

thereto in the form of an opinion or otherwise."

Consistent with Rule 702, the *Daubert* Court explained that expert testimony may be admitted only if at least two preconditions are met.  First, the proposed testimony must constitute "scientific, technical, or other specialized knowledge" that "will assist the trier of fact" within the meaning of Rule 702, *i.e.*, the evidence must be both "reliable" and "relevant."  *See Daubert*, 509 U.S. at 589, 593.  Second, the witness proffered to deliver that testimony must be qualified as an expert by virtue of his "knowledge, skill, experience, training, or education."  *Id*.

The Third Circuit has likewise explained that Rule 702 has three major requirements: "(1) the proffered witness must be an expert, *i.e.*, must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge [, *i.e.*, reliability]; and (3) the expert's testimony must assist the trier of fact [, *i.e.*, fit]."  *United States v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010) (internal quotation marks and citation omitted).  "Under the Federal Rules of Evidence, a trial judge acts as a gatekeeper to ensure that any and all expert testimony or evidence is not only relevant, but also reliable."  *Id*.  Indeed, "[b]efore the proposed testimony gets presented to the jury, the trial judge evaluates its admissibility based on these three requirements."  *Id*.

A trial court's decision to exclude expert testimony under Fed. R. Evid. 702 may be disturbed on appeal only if it is an "abuse of discretion."  *General Electric Co. v. Joiner*, 522 U.S. 136, 146-147 (1997); *Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962).

## II.     Expert Testimony Regarding Russian Oil Sanctions Will Not Assist the Jury.

The proposed expert testimony regarding the details of the sanctions imposed on Russian oil will not assist the jury because it has no bearing on the issue to be decided:

whether defendants are guilty of conspiring to violate IEEPA by transacting in sanctioned Iranian oil.

Presumably, in conjunction with an effort to employ an entrapment defense, defendants will argue that they initially believed they were going to transact in Russian oil and, having agreed to that deal, when the deal changed to Iranian oil, they were already committed and were unable to withdraw. They never intended to violate U.S. sanctions law by transacting in Iranian oil, but the government undercover agent changed the terms of the deal and they went along with it.

This theory of defense hinges on a false premise: that Wang and Lane initially thought their actions were licit, because only some, but not all, Russian oil was sanctioned. The recordings in evidence prove the opposite.  The persons involved in the negotiation of the deal thought that Russian oil was sanctioned and trading in Russian oil was illegal.  Thus, when the deal eventually focused on Iranian oil, which the persons in the negotiation also thought was illegal, the culpable mental state of the participants was unchanged. They had planned all along to defy U.S. sanctions law and trade in sanctioned oil, and when they agreed to trade in Iranian oil they agreed to violate U.S. law.

An expert witness who proves that trading in Russian oil was sometimes legal will not aid the jury in assessing any fact of relevance to any issue they must decide.  Rather, the expert will present a counter-factual proposition: that trading in Russian oil was often, or predominantly, legal and therefore defendants had initially set out to engage in a legal

transaction. But defendants themselves refute this effort to cloak them in innocence. In their own words on the recordings, they reveal their true intent: to ignore the law and actively participate in a deal involving sanctioned oil. That they were mistaken does not reduce their culpability at all, because their conspiracy quickly settled on Iranian oil. Where expert testimony is not based on the facts presented at trial, the opinions offered would not assist the trier of fact and should be excluded. *United States v. Cocchiola*, 358 F. App'x 376, 379 (3d Cir. 2009). Here the proposed expert testimony would serve to confuse the jury's factual determination of culpability by distracting them with a legal opinion directly contrary to the mental state of the defendants.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court exclude the proposed testimony of defendant's expert on sanctions, attorney Perry S. Bechky.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


 /s/  Mary E. Crawley
PATRICK J. MURRAY
MARY E. CRAWLEY
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the government's Government's Motion In Limine To Exclude Defense Expert Testimony Regarding Russian Oil has been served upon counsel for defendants on this date by filing this document on the Court's Electronic Case Filing system.

   /s/  Mary E. Crawley
MARY E. CRAWLEY
Assistant United States Attorney

Dated: November 7, 2023